■ In the Matter of EDUARDO R., Respondent. ERIE COUNTY ATTORNEY, Appellant. (Appeal No. 1.) [899 NYS2d 518]—

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered July 21, 2009 in a proceeding pursuant to Family Court Act article 3. The order directed Erie County to transport respondent to Puerto Rico after a certain court date.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: Respondent was arraigned on a juvenile delinquency petition alleging two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). The petition subsequently was orally amended with the consent of the parties to allege a count of criminal possession of marihuana in the fifth degree (§ 221.10 [1]). Respondent entered a plea of guilty to the marihuana count. Family Court denied the request of the presentment agency to release respondent to his family and instead placed respondent in a secure detention facility. At the dispositional hearing, the court admitted in evidence diagnostic reports recommending probation supervision and admitted the testimony of respondent's mother, who had flown to New York from Puerto Rico for the hearing. The court adjudicated respondent a juvenile delinquent and granted him a conditional discharge for a 12-month period upon the condition that he leave Erie County in the custody of his mother and remain in Puerto Rico during the 12-month period. The court further ordered that Erie County obtain both an airplane ticket and transportation to the airport, with the assistance of federal authorities. Respondent

and the presentment agency objected to the disposition on the ground that the conditions imposed were beyond the scope of Family Court Act § 350.2, and the court denied the objections.

Approximately six months later, respondent was arrested in Erie County in violation of the order of conditional discharge, and petitioner requested that the matter be restored to Family Court's calendar. Respondent admitted that he had remained in Erie County and thus was found to have violated the terms of the conditional discharge. The court denied the presentment agency's request for updated diagnostic reports. The court instead issued an order "vacating" the prior order of conditional discharge and thereafter adhered to its original condition, ordering Erie County to transport respondent "back to Puerto Rico after his . . . court date." A Justice of this Court signed an order to show cause seeking to stay execution of that order pending appeal, pursuant to Family Court Act § 1114 (b).

Upon the court's revocation of the order of conditional discharge, the proceedings were returned to the dispositional phase of the application to restore the matter to the calendar. Pursuant to Family Court Act § 360.3 (6), if the court revokes an order of conditional discharge "it shall order a different disposition pursuant to [Family Court Act] section 352.2." We thus conclude that the court erred in again ordering respondent to be transported to Puerto Rico. Moreover, Family Court Act § 352.2 does not authorize the court to order a respondent to leave the county or country in which the incident occurred. Thus, we reverse the order and remit the matter to Family Court for further proceedings in compliance with Family Court Act § 360.3 (6). Present—Scudder, P.J., Centra, Carni and Pine, JJ.